**VERIZON PENNSYLVANIA, INC., Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (BAUN), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 5, 2004.

Decided Dec. 22, 2004.

Christopher H. Wright, Philadelphia, for petitioner.

Geoffrey Hillsberg, Media, for respondent.

BEFORE: FRIEDMAN, J., SIMPSON, J., and McCLOSKEY, Senior Judge.

OPINION BY Judge SIMPSON.

In this case we address the recently amended "fellow employee" limitation to a claimant's recovery of compensation and wages under Section 306(b)(1) of the Workers' Compensation Act (Act).[1] Verizon Pennsylvania, Inc. (Employer) challenges a determination that Scott Baun (Claimant) did not receive more in compensation and wages than fellow employees. Because Employer failed to prove fellow employees were engaged in employment similar to that of Claimant at the time of his injury, we affirm.

Claimant, a splicing technician, sustained a work-related low back injury on October 8, 2001. Claimant received total disability benefits based on an average weekly wage of $1,642.00. Reproduced Record (R.R.) at 1a.

In early February 2002, Employer filed a petition to modify benefits beginning eight days after the injury. R.R. 2a. Employer sought a reduction in Claimant's partial disability benefits under Section 306(b)(1) of the Act.[2] Employer contended a company-wide reduction in overtime resulted in a substantial decrease in current earnings of splicing technicians. After Claimant answered, a Workers' Compensation Judge (WCJ) heard the matter.

The relevant determinations of the WCJ are summarized here. He found that Claimant returned to half-time modified work in April 2002 and worked his way to full-time modified work. WCJ Finding of Fact (F.F.) No. 2. At that time Claimant was not allowed to climb poles. He was therefore not available for overtime in line with Employer's policy that an employee under work restriction was ineligible for overtime. *Id.* Consequently, the WCJ found Claimant was not similarly situated with the other splicing technicians because his work activities were restricted and he was not allowed to work overtime. F.F. 6.

Also on the issue of whether other splicing technicians were "similarly situated," the WCJ determined Employer failed to provide evidence of wages and overtime worked by the other splicing technicians at the time of Claimant's injury. WCJ Conclusion of Law (C.L.) No. 2. He also concluded Section 306(b) of the Act required a comparison of each individual fellow employee, not of averages. C.L. 3.

Further, the WCJ found that the general reduction in overtime work was not due to economic distress but rather to a philosophical change. F.F. 7.

The WCJ also found at least one splicing technician (and often many) earned more than Claimant's average weekly wage in every week during Employer's requested modification period. F.F. No. 9.

The WCJ denied Employer's modification petition, essentially for four reasons relating to failure of proof. First, the other splicing technicians were not similarly situated because they do not share Claimant's current restrictions and be-

---

1. Act of June 2, 1915, P.L. 736, *as amended,* (Act), 77 P.S. §§ 1–1041.4, 2501–2626.

2. As amended in 1996, Section 306(b)(1) provides in relevant part:

 The term "earning power," as used in this section, shall in no case be less than the weekly amount which the employe receives after the injury; and *in no instance shall an employe receiving compensation under this section receive more in compensation and wages combined than the current wages of a fellow employe in employment similar to that in which the injured employe was engaged at the time of injury.*

 77 P.S. § 512(1). (emphasis added). Prior to 1996, the "fellow employee" wage comparison was fixed as of the date of injury. *Maier's Bakery v. Workers' Comp. Appeal Bd. (Sandt),* 751 A.2d 1208 at 1210–11 (Pa.Cmwlth.2000).

cause there was no proof of their time-of-injury wage. Therefore, the co-workers were not an appropriate group for comparison. Second, determination of whether fellow employees are similarly situated requires information on each individual, not on averages. Thus, Employer's proof of average wages was not sufficient as a matter of law. Third, an employer must prove that a reduction in wages of fellow employees occurred as a result of economic distress, and Employer here failed to make this proof. Fourth, the post-injury wages of some splicing technicians was more than Claimant's pre-injury average weekly wage.

Employer appealed to the Board, and it affirmed. The Board focused on Employer's failure to show that economic distress necessitated its reduction of employee wages as discussed by this Court in *Maier's Bakery v. Workers' Comp. Appeal Bd. (Sandt)*, 751 A.2d 1208 (Pa.Cmwlth.2000).

In its appeal to this Court,[3] Employer raises numerous issues. In support, Employer relies on the recently decided case of *Donahue v. Workers' Comp. Appeal Bd. (Phila. Gas Works)*, 856 A.2d 230 (Pa. Cmwlth.2004).[4]

We begin our discussion with an analysis of the relevant statutory language. As amended in 1996, Section 306(b)(1) provides in relevant part:

> [I]n no instance shall an employe receiving compensation under this section receive more in compensation and wages combined than *the current wages of a fellow employe in employment similar to that in which the injured employe was engaged at the time of injury.*

Thus, a basic comparison is invited. The first element of the basic comparison involves "the current wages of a fellow employe." The second element is the current compensation and wages combined of a claimant.

However, not any fellow employee's wages are considered. Only current wages of a fellow employee "in employment similar to that in which the injured employe was engaged at the time of the injury" are considered. Thus, a preliminary comparison may be needed to determine if a fellow employee is similarly situated. This comparison involves the respective employment conditions at the time of injury.

### I. Similar employment— at time of injury

 Employer contends that the WCJ's preliminary comparison to determine if a fellow employee is similarly situated did not follow the statutory language. In particular, Employer challenges the WCJ's focus on Claimant's current restrictions.

 We agree that the WCJ's reliance on Claimant's *current physical restrictions* and unavailability for overtime was improper. Rather, in making the preliminary comparison, the fact finder should focus on the employment "in which the

---

3. The Court's review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Leon E. Wintermyer, Inc. v. Workers' Comp. Appeal Bd. (Marlowe)*, 571 Pa. 189, 812 A.2d 478 (2002).

4. The fellow employee limit on compensation was most recently addressed in *Donahue*, on which Employer relies. In that case, the factfinder rejected unsupported testimony that before his injury the claimant worked more overtime than co-workers. We affirmed, noting our limited review of credibility determinations. However, the holding in *Donahue* is of limited utility to Employer here. The questions raised now were not directly before the Court for decision in *Donahue*.

[claimant] was engaged at the time of the injury." Claimant here was under no medical restrictions and was available for overtime work at the time of his injury. Under the clear language of the statute, the current conditions of Claimant's employment are not a proper basis to define the class for comparison. The WCJ erred when he defined the class of fellow employees for wage comparison by utilizing Claimant's current employment.

However, this error does not require reversal, because the WCJ's other determinations support the conclusion that Employer failed to prove co-workers were similarly situated. In particular, Employer failed to provide information regarding the wages and overtime of the other splicing technicians at the time of injury.[5]

In *Maier's Bakery*, this Court considered an argument concerning whether other employees were "similarly situated." Because the claimant worked much more overtime before his injury, we "distinguished his employment from that of his two co-workers." *Maier's Bakery*, 751 A.2d at 1211. Our conclusion here is consistent with that ruling.

## II. Similar employment—comparison of individuals or averages

■ In addition, Employer contends it was error for the WCJ to conclude the statute required a comparison of each individual "fellow employee" and not a comparison of averages.

■ Beyond the admonition that the comparison class be composed of fellow employees engaged in employment similar to that in which a claimant was engaged at the time of injury, the statute is silent on how the class is defined. The General Assembly wisely left the method of proof for consideration of the fact finder in each

case. Thus, where only a handful of similarly situated co-workers exist, the WCJ may wish information on each of them. Where the class is quite large, however, the WCJ may be disinclined to wade through that much individual detail, relying instead on averages, medians, maximums, or some other reasonable approach. In either event, the information must be such as will persuade the fact finder.

■ Considering this analysis, we agree with Employer that the WCJ is not constrained by law to consider individual information. Nevertheless, the WCJ is free to reject as unpersuasive information lacking individual detail, and his decision to do so here was not error.

## III. Comparison—economic distress

■ In *Maier's Bakery* we said:

[W]e believe that [Section 306(b)(1)] was designed to eliminate the inequities that could result when an injured worker returns to a workplace that has been affected by some type of economic distress. In such circumstances, should an employer be forced to reduce wages, overtime or available hours of employment, a claimant's benefits may be reduced to conform with and not exceed the wages earned by similarly situated employees. The addition of the words "current wages" means that a claimant's compensation may now be reduced based on a subsequent reduction in wages applicable to similarly situated employees. In the present case, however, wages for the position of brakeman actually increased after Claimant's injury.

*Id.* The WCJ and the Board relied on this language in concluding that Employer

---

**5.** Employer argues that this determination was in error. This contention, however, is a recasting of its argument that proof of aver-

age wages should have been accepted by the WCJ.

failed to prove a required element, wage reduction caused by economic distress.

Contrary to that conclusion, in *Maier's Bakery* we did not require proof of wage reduction caused by economic distress. Indeed, such a requirement is not in the statute. Instead, we ascertained that by its 1996 amendment the General Assembly intended to remedy inequities caused by general wage *reductions* occurring after the injury. The observation was significant in that case because the co-workers in question received wage *increases* after the injury.

The distinction between wage reduction and wage appreciation is of no moment in this case. Here, it is undisputed that a general overtime reduction occurred after the Claimant's injury. Thus, the quoted language from *Maier's Bakery* is not applicable here, and the WCJ and Board erred in concluding Employer's failure to prove economic distress supported the denial of its petition.

Nevertheless, this error does not require reversal. As previously discussed, the Employer failed to persuade the fact-finder that a class of similarly situated fellow employees existed. Because Employer's proof on this preliminary comparison failed, Employer's petition was properly denied.

## IV. Comparison—current compensation and wages combined

One other finding requires discussion. The WCJ found:

[A]t least one splicing technician (and often many) has earned more than Claimant's pre-injury average weekly wage in every week during the period for which the [Employer] is requesting relief and for which the [Employer] provided discoverable information.

F.F. No. 9. Thus, the WCJ compared Claimant's pre-injury average weekly wage and the post-injury wages of certain fellow employees.

Under the fellow employee limitation to compensation, two different comparisons can be made. First, in the preliminary determination of whether a fellow employee is engaged in employment similar to that in which a claimant was engaged at the time of the injury, the WCJ may compare wages at the time of the injury. Second, in the basic determination of whether a claimant is receiving more compensation than permitted, the WCJ may compare a fellow employee's current wages with the claimant's current level of compensation and wages combined.

The Act does not contemplate a comparison of a claimant's pre-injury wages with a fellow employee's post injury wages. As discussed, however, Employer failed in its preliminary proof on whether co-workers were similarly situated. Therefore, any error from this finding is harmless.

For the foregoing reasons, we affirm.

Judge FRIEDMAN concurs in the result only.

### ORDER

AND NOW, this 22nd day of December, 2004, the order of the Workers' Compensation Appeal Board in the above-captioned matter is **AFFIRMED**.